**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

In re    ISOM, Tiffini L.

Chapter 13
Case No.  19-14352-JEB

Debtor(s)

**ORDER CONFIRMING CHAPTER 13 PLAN**

The Debtor(s) filed an Amended Chapter 13 Plan on April 4, 2020, (the "Plan"). The Debtor(s) filed a Certificate of Service on April 10, 2020, reflecting that the Plan was served on all creditors and parties in interest. No objections to the confirmation of the Plan were filed, or all objections were overruled by the Court or resolved by the parties.  Upon consideration of the foregoing, the Court hereby orders the following:

1. The Plan is confirmed.  The term of the Plan is 60 months.

2. The Plan payments are:

    $600.00  per month for 60 months

3. Payments shall be made electronically through TFS/ePay, by Money Order, or Bank Treasurer's check (personal checks will not be accepted) and made payable to and forwarded to Carolyn A. Bankowski, Chapter 13 Trustee, PO Box 1131, Memphis, TN 38101-1131.

4. The effective date of confirmation of the Plan is February 1, 2020.  The disbursements to be made by the Chapter 13 Trustee pursuant to the confirmed Plan are set forth on the attached Summary of Disbursements To Be Made Under the Plan (the "Summary") which is incorporated by reference.  Interested parties should consult the Plan for treatment of their particular claims and other significant provisions of the Plan.

5. Unless the Court orders otherwise, all property of the estate as defined in 11 U.S.C. §§ 541 and 1306, including, but not limited to, any appreciation in the value of real property owned by the Debtor(s) as of the commencement of the case, shall remain property of the estate during the term of the plan and shall vest in the Debtor(s) as set forth in section 9 of the Summary.  All property of the

estate shall remain within the exclusive jurisdiction of this Court.  The Debtor(s) shall not transfer, sell, or otherwise alienate property of the estate other than in accordance with the confirmed Plan or other order of the Court.  The Debtor(s) shall be responsible for preserving and protecting property of the estate.

6. The Debtor(s) shall promptly inform the Trustee of any material increase in income and/or any acquisition of assets during the case.  The Trustee shall file a motion to modify the Plan pursuant to 11 U.S.C. § 1329 if the Trustee determines that any change in income or assets may be available to increase the dividend to creditors.  The foregoing provision is in addition to any obligation of the Debtor(s) to file amended schedules in the event of any such increase.

By the Court,

Dated: 6/29/2020

Janet E. Bostwick
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

In re   ISOM, Tiffini L.

                              Chapter 13
                              Case No.  19-14352-JEB

           Debtor(s)

**SUMMARY OF DISBURSEMENTS TO BE MADE UNDER THE PLAN**

1. **Unmodified Secured Claims**

Home Point Financial is retaining its lien on 263 Cole Street, Seekonk, MA.  The Debtor shall continue to make regular monthly payments in accordance with the contract with Home Point Financial.  Home Point Financial will be paid its pre-petition arrearage in the sum of $23,633.95 over 60 months in the sum of $393.90 per month.

Citizens Bank is retaining its lien on the 2016 Honda Accord.  The Debtor shall continue to make regular monthly payments in accordance with the contract with Citizens Bank.  Citizens Bank will be paid its pre-petition arrearage in the sum of $924.68 over 60 months in the sum of $15.42 per month.

2. **Modified Secured Claims**

   None

3. **Liens Avoided under 11 U.S.C. § 522(f)**

   Bristol County Savings Bank

4. **Surrender of Collateral**

   None

5.  **Priority Claims**

    Internal Revenue Service        taxes  $1,147.11    over 60 months
    Massachusetts Department of Revenue    taxes  $2,379.52    over 60 months

---

6.  **Administrative Expenses**

    John Simonian, Esq.    legal fees    $3,500.00 over 12 months

---

7.  **Unsecured Claims**

The holders of unsecured claims totaling $29,713.45* shall receive a pro rata share of $814.74.
*this sum includes the unsecured claim of Bristol County Savings Bank in the sum of $6,349.00 arising after lien avoidance.

---

8.  **Executory Contracts**

    None

---

9.  **Vesting of Property of the Estate**

    If the Debtor(s) receives a discharge, property of the estate will vest in the Debtor(s) upon the entry of the discharge.  If the debtor(s) does not receive a discharge, property of the estate will vest in the Debtor(s) upon the earlier of (i) the filing of the Chapter 13 Standing Trustee's Final Report and Account and the closing of the case or (ii) the dismissal of the case.

---

10. **Nonstandard Provisions**

    None.